## IN THE MATTER OF THE COURT BUDGET AND COURT PERSONNEL IN ESSEX COUNTY.

Argued November 27, 1979—Decided January 23, 1980.

Mr. Murry D. Brochin argued the cause for appellant Peter Shapiro, Essex County Executive (Mr. Peter G. Stewart, Essex County Counsel, and Messrs. Lowenstein, Sandler, Brochin, Kohl, Fisher & Boylan, attorneys; Mr. Richard M. Cignarella, First Assistant County Counsel, of counsel; Mr. Murry D. Brochin, Mr. Murray J. Laulicht, Mr. Michael L. Rodburg and Mr. Gerald Krovatin, on the briefs).

Mr. Thomas M. McCormack argued the cause for appellant Essex County Board of Chosen Freeholders.

Mr. Michael R. Cole, Assistant Attorney General, agrued the cause for respondent (Mr. John J. Degnan, Attorney General of New Jersey, attorney).

Mr. Martin Verp, Passaic County Counsel, submitted a brief on behalf of amicus curiae Board of Chosen Freeholders of County of Passaic.

PER CURIAM.

This appeal presents for review two orders of the Assignment Judge of Essex County directed to respondents, the Essex County Board of Freeholders and the County Executive. The first order directed the Board to increase the appropriation in the 1979 county budget for the judiciary. The second order directed the County Executive to hire additional employees for the courts.

In 1979, the County Executive submitted a budget which was reviewed and approved by the Board. Both before and after the

submission of the budget, the Assignment Judge and respondents unsuccessfully negotiated their differences concerning the Assignment Judge's request for additional funds and personnel.

After the Board approved the budget, the Assignment Judge issued an order to show cause directed to respondents why the appropriation should not be increased and additional employees hired. At a hearing before the Assignment Judge, both he and counsel for respondents called and cross-examined witnesses. After the hearing, the Assignment Judge wrote an opinion and entered the orders that are the subject of this appeal.

■ Following this Court's denial of a stay of the orders, respondents appropriated the funds and hired the additional employees. Practically all expenditures have been made. Counsel for respondents acknowledge that the orders are moot. On occasion, we have decided an otherwise moot appeal if it involves a matter of public interest. *See Dunellen Bd. of Educ. v. Dunellen Educ. Ass'n*, 64 *N.J.* 17, 22 (1973); *Busik v. Levine*, 63 *N.J.* 351, 363–364 (1973), app. dism., 414 *U.S.* 1106, 94 *S.Ct.* 831, 38 *L.Ed.2d* 733 (1973). Even though this matter is of public interest, we have determined not to apply that exception in this case. The reason is that the relationship of an assignment judge to county officials concerning the county budget is essentially a matter of judicial procedure and administration. Consequently, the issue should be resolved through the administrative and rulemaking powers of the Court.

■ The New Jersey Constitution charges the Supreme Court with a duty to provide for the administration of courts throughout the State. *N.J.Const.* (1947), Art. VI, § II, par 3. The responsibility for the administration of the courts implies the power reasonably necessary to fulfill that responsibility. *Passaic Cty. Probation Officers' Ass'n v. County of Passaic*, 73 *N.J.* 247, 252–253 (1977). Accordingly, the Court has the power to compel the appropriation of funds and the employment of personnel necessary for the efficient administration of justice.

*In re Court Reorganization Plan of Hudson Cty.*, 161 *N.J.Super.* 483, 491 (App.Div.1978), aff'd o.b., 78 *N.J.* 498 (1979). In the exercise of its rulemaking power, the Court has delegated to each assignment judge the duty of representing "the judicial branch of government in the county in all matters pertaining to the budgets, personnel and facilities of the trial courts in the county." *R.* 1:33–3(a)(5).

*Hudson County* upheld the procedure by which the assignment judge resolved a dispute with county officials concerning the employment and salaries for his assistants. In *Hudson County,* the assignment judge proceeded by order to show cause directed to the county officials and returnable before him. He conducted the hearing and entered orders designating his assistants and establishing their salaries. The Appellate Division held that the hearing comported with due process and fundamental fairness, *Hudson County, supra,* 161 *N.J.Super.* at 489. In the case before us, the Assignment Judge followed procedures that had been used by other assignment judges in the past. However, there is an appearance of conflict when an assignment judge sets his own budget and then decides whether it is reasonable. In matters involving judicial administration, procedures should be free from even the appearance of unfairness. Other improvements can be made in those procedures in addition to the elimination of the apparent conflict in the roles of the assignment judge.

The entire question is of wide public importance and warrants careful attention under the supervision of the Supreme Court. Accordingly, the Chief Justice will shortly announce the appointment by the Court of two committees to study the efficiency of the operation of the courts and the role of the judiciary in county budgetary procedures. The first committee, the Committee on Efficiency in the Operation of the Courts, will include representatives of the judiciary, the business community, and county government. The second committee, the Committee on Budget Procedures, will include representatives of the judiciary,

the bar, and county government. After both committees report to the Supreme Court, we will decide what charges are to be made in the rules of court.

We dismiss this appeal as moot.

*For dismissal*—Chief Justice WILENTZ, and Justices SULLI-VAN, PASHMAN, CLIFFORD, SCHREIBER, HANDLER and POLLOCK—7.

*Opposed*—None.