In the Matter of the FINAL DETERMINATION OF the LOCAL FINANCE BOARD AFFIRMING the DISAPPROVED 1979 BUDGET OF the COUNTY OF PASSAIC BY the DIRECTOR OF LOCAL GOVERNMENT SERVICES.

Petition for certification to Local Finance Board of the Department of Community Affairs is granted.

IN THE MATTER OF THE FINAL DETERMINATION OF THE LOCAL FINANCE BOARD AFFIRMING THE DISAPPROVED 1979 BUDGET OF THE COUNTY OF PASSAIC BY THE DIRECTOR OF LOCAL GOVERNMENT SERVICES.

Argued May 6, 1980—Decided July 3, 1980.

*James V. Convery*, Assistant County Counsel, argued the cause for appellant Board of Chosen Freeholders of the County of Passaic (*Martin Verp*, Passaic County Counsel, attorney; *James V. Convery and John G. Thevos*, Special Assistant County Counsel, on the brief).

*Stephen Skillman*, Assistant Attorney General, argued the cause for respondent Local Finance Board (*John J. Degnan*, Attorney General of New Jersey, attorney; *Daniel P. Reynolds*, Deputy Attorney General, on the brief).

The opinion of the Court was delivered by

SCHREIBER, J.

This is a companion case to *Clark v. Degnan*, 83 *N.J.* 393 (1980), decided this day. The major issue is one of statutory

interpretation and involves the County Cap Law which limits increases in county expenditures and tax levies to 5% of the previous year's amounts. *N.J.S.A.* 40A:4–45.2 and –45.4. The precise question is whether an expenditure pursuant to a court order for judiciary services made after the effective date of the Cap Law is to be excluded from the calculation because the statute excepts "[e]xpenditures mandated after the effective date of this act [August 18, 1976] pursuant to the State or Federal law . . . ." *N.J.S.A.* 40A:4–45.4(e). In *Clark v. Degnan* we concluded that expenditures made pursuant to statutes and court orders which did not involve new programs were to be included within the calculation and did not fall within the exclusion. See 83 *N.J.* 393.

Plaintiff Passaic County Board of Chosen Freeholders ("County") appealed to the Appellate Division from a decision of the Local Finance Board disapproving the Passaic County budget for the year 1979. See *N.J.S.A.* 40A:4–82. We certified the matter on our own motion pursuant to *R.* 2:12–1. 83 *N.J.* 393 (1980).

Plaintiff asserts that it had encountered financial difficulties because of a drastic reduction in anticipated revenues from the federal government and because of rising costs, such as increased utility rates and insurance premiums. The County accordingly sought to reduce expenditures for judicial services. However, the Assignment Judge, who had carefully pruned the budget and whose request for suggestions on specific job eliminations went unanswered, issued an order to show cause requiring the County to appear and justify certain reductions in its funding for the judiciary. At the conclusion of that proceeding, the Assignment Judge entered an order requiring the freeholders to fund each position presently held and to provide for other expenses in the amount authorized for the preceding year 1978. The propriety of that order is not at issue.

The County then submitted to the Director of the Division of Local Government Services a proposed budget which exceeded the 5% allowable Cap limit by $963,159. This figure was the amount by which judicial expenditures had been increased to comply with the Assignment Judge's order. The Director disap-

proved the budget noting "[t]he exclusion of the amounts to be raised by tax levy for 'Court Ordered Costs' . . . [was] disapproved since such monies are required to be raised within the county budget cap." Thereupon, the County requested a hearing on the budget before the Local Finance Board pursuant to *N.J.S.A.* 40A:4–81. After the hearing, the Local Finance Board affirmed the Director's disapproval of the proposed budget. It is this determination from which the County appeals.

It is settled that "the Court has the power to compel the appropriation of funds and the employment of personnel necessary for the efficient administration of justice." *In re Court Budget and Court Personnel in Essex Cty.,* 81 *N.J.* 494, 497 (1980) (citations omitted). See also *In re Court Reorganization Plan of Hudson Cty.,* 161 *N.J.Super.* 483 (App.Div.1978), aff'd *o.b.* 78 *N.J.* 498 (1979). The County raises no challenge on this issue, but rather seeks to exclude from the County Cap Law expenditures for the judiciary resulting from court orders dated after August 18, 1976.

Plaintiff relies heavily on the trial court's opinion in *Clark v. Degnan,* 163 *N.J.Super.* 344 (1978), which interpreted the exception in *N.J.S.A.* 40A:4–45.4(e) to include all expenditures mandated after August 18, 1976 pursuant to court orders. In *Clark v. Degnan,* 83 *N.J.* at 400–401, decided this day, we have rejected that argument. We pointed out that the exclusionary expenditures involved only new programs. As we stated in *Clark,* expenditures due to statutory enactments or judicial enforcement of the same type or nature which existed before the County Cap Law and did not involve a new service or new activity were includible in the calculation and not entitled to the exclusion. Adoption of plaintiff's interpretation would mean that in those counties where no disagreement arose judicial expenditures would be included; whereas, when the court was compelled to issue an order, expenditures of the same type would be excluded from the computation of limited expenditures. The Legislature could not have intended such a result.

Plaintiff also argues that the principles enunciated in *PBA Local 29 v. Irvington,* 80 *N.J.* 271 (1979), and *Atlantic City v.*

*Laezza,* 80 *N.J.* 255 (1979), are not applicable. In view of our opinion in *Clark v. Degnan,* we find this argument is not persuasive.

The determination of the Local Finance Board is affirmed.

*For affirmance* —Chief Justice WILENTZ and Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and POLLOCK —6.

*For reversal* —None.

EDWARD F. CLARK, Jr. v. JOHN J. DEGNAN.

Supreme Court of New Jersey.

February 19, 1980.

Petition for certification to Superior Court, Law Division is granted. (See 163 *N.J.Super.* 344, 394 *A.2d* 914)